IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH MARCEL MUSE, | :CIVIL ACTION NO. **1:CV-13-2248** |
| Petitioner | : (Judge Rambo) |
| v. | : (Magistrate Judge Blewitt) |
| WAYNE J. GAVIN, et al., | : |
| Respondents | : |

**REPORT AND RECOMMENDATION**

On August 28, 2013, Petitioner Kenneth Marcel Muse ("Petitioner"), an inmate confined at the State Correctional Institution in Waymart, Pennsylvania ("SCI Waymart"), filed the instant habeas corpus petition, pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner also filed a Memorandum of Law in support of his Petition. (Doc. 2). Petitioner paid the filing fee. (Doc. 4). On September 17, 2013, we issued an Order directing Petitioner to submit his trial and appellate court records to the Court. (Doc. 5). On September 30, 2013, Petitioner responded to our order with copies of the records he had in his possession. (Doc. 6). We now give preliminary consideration to the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.* , 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.[1]

---

[1] Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

**II.      Allegations of Habeas Petition**

Petitioner was sentenced on September 30, 2013 by the Adams County Court of Common Pleas[2], to term of minimum of 5 years to a maximum of ten years (CP-01-CR-00022-2010, p. 4). Petitioner appears to allege one ground for habeas relief:

> Before our Suppression Hearing, I was told that my co-defendant had made a statement saying that the drugs were mine, but said sataement (sic) was not used at the Hearing, but that same statement was used at the two trials, after suppression was granted, that ultimately led to my conviction.
>
> (Doc. 1, p. 3).

On October 13, 2010, Petitioner filed a Notice of Appeal to the Superior Court of Pennsylvania. (CP-01-CR-00022-2010, p. 17). On December 20, 2011, the Superior Court affirmed the decision of the lower court. (*Id.*, p. 21). On January 25, 2012, the Pennsylvania Supreme Court denied Petitioner's motion for reconsideration. (*Id.*). On December 26, 2012, Petitioner filed a Post-Conviction Collateral Relief Act Petition ("PCRA") with the Adams County Court of Common Pleas. (*Id.*, p. 24). On February 28, 2013, the Adams County Court of Common Pleas dismissed the Petition. (*Id.*, p. 25). On March 11, 2013, Petitioner filed a Notice of Appeal to the Superior Court. (*Id.*). According to the Superior Court of Pennsylvania Appeal Docket Sheet, Docket Number: 456 MDA 2013, the appeal is currently pending. (456 MDA 2013).

---

[2] As the court documents Petitioner provided are incomplete, we note that we obtained a copy of Petitioner's Adams County Criminal Docket for case number CP-01-CR-00022-2010 and Superior Court of Pennsylvania Appeal Docket Sheet for Docket Number: 456 MDA 2013 at http://ujsportal.pacourts.us. On August 4, 2010, Plaintiff was found guilty of Possession With Intent to Deliver, 35 § 780-113 §§ A30 and Conspiracy, 18 § 903 §§ A1.

2

## III. Discussion

Initially, we find that the instant Petition should be dismissed as premature, as the Petitioner's appeal is still currently pending with the Pennsylvania Superior Court. *See* Docket No. 456 MDA 2013. Generally, absent a showing of "extraordinary circumstances," a federal court acting pursuant to this jurisdiction will not interfere in the workings of the state appellate courts. *Divner v. Com. of Pa.*, 2005 WL 2106560 *3 (W.D. Pa. 2005). In *Divner*, the court denied a petition for habeas relief on the grounds that the petitioner still had an interlocutory appeal pending with the Pennsylvania Superior Court, holding, "Having failed to carry his burden to show extraordinary circumstances so as to justify this court's entertaining the habeas petition prior to trial and without exhaustion of state court remedies, Petitioner may yet have this petition entertained if he can 'make a special showing of the need for' this court to adjudicate this claims and that he has exhausted his state court remedies...otherwise this petition should be dismissed." *Id*.

It is well settled that a federal court need not intervene where a petitioner may still obtain redress through state procedure. *See Lambert v. Blackwell*, 124 F.3d 506, 513 (3d Cir. 1997). Further, we will follow the precedent set by the Supreme Court, holding that, "federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Therefore, because Petitioner has an appeal still pending before the Pennsylvania Superior court, and because this constitutes a failure to exhaust available state court remedies, we will recommend a dismissal without prejudice.

Moreover, we find that a ruling on the instant Petition is precluded by the so called the *Younger v. Harris*, 437 U.S. 37 (1971), abstention doctrine. In *Leer Elec., Inc. v. Com. of Pa.*, 2008 WL 5378284, *4 (M.D. Pa.), the Court stated:

> In *Younger v. Harris,* the United States Supreme Court established an abstention doctrine by holding that federal courts may not enjoin pending state criminal proceedings. 437 U.S. 37 (1971). In the line of cases that followed *Younger,* the Supreme Court made it clear that this doctrine of abstention is not specific to criminal matters, but also applies to state civil court and administrative proceedings. *See Pennzoil Co. v. Texaco, Inc.* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (holding that federal courts may not enjoin state civil proceedings between private parties); *Ohio Civil Rights Commn. v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986) (holding that federal courts may not enjoin state administrative proceedings when important state interests are involved); *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (first applying *Younger* to state administrative proceedings). "The *Younger* doctrine ... reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims,* 442 U.S. 415, 423, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) (citing *Samuels v. Mackell,* 401 U.S. 66, 69, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971)). *Younger* abstention is appropriate when three requirements are satisfied. *See Middlesex,* 457 U.S. at 432 (collecting and summarizing authorities to establish a three part test). First, the federal plaintiff must be a party in an ongoing state proceeding of a judicial nature subject to interference by continued federal court action. Second, the state proceeding must implicate important state interests. And third, the federal plaintiff must have an adequate opportunity to raise constitutional challenges in the state court proceedings.
> As defined by the courts: "*Younger* abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding. *See Younger v. Harris,* 401 U.S. 37, 41 (1971) ('[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.')." *Kendall v. Russell*, 572 F.3d 126, 130 (3d Cir. 2009).

In the case of *Keys v. Pennsylvania*, we held applied the *Younger* doctrine, holding that when a pre-trial detainee still has actions pending in state court, a federal district court is precluded from ruling on implicated issues via *Younger*. *Keys v. Pennsylvania*, 2011 WL 766978 *16 (M.D. Pa. 2011). As such, we will apply the same reasoning and find that we are precluded from ruling on the instant Petition at this time, because of the pending Superior Court decision. We will, out of respect for judicial comity, recommend dismissal without prejudice.

We take judicial notice of Pennsylvania Superior Court Docket No. 456 MDA 2013, *Commonwealth of Pennsylvania v. Kenneth Marcel Muse*.[3] This Docket indicates that on March 13, 201, Petitioner filed a Notice of Appeal. (*Id.*). The docket indicates that briefs have been filed and the case was submitted on briefs to the panel on August 19, 2013. (*Id.*). As such, Petitioner has not received a final judgment from the Superior Court, and his appeal is still pending. Therefore, we find that his instant Petition is premature, and must be dismissed.

---

[3] As discussed above, we obtained a copy of the Docket Sheet at ujsportal.pacourts.us

**IV. Recommendation**

Based upon the above, we will recommend that Petitioner's **Doc. 1** Petition be dismissed without prejudice. It is also recommended that any additional proceedings be remanded to the undersigned for further consideration.

                                            **s/ Thomas M. Blewitt**
                                            **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**

**Dated: October 9, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH MARCEL MUSE, | :CIVIL ACTION NO. **1:CV-13-2248** |
| Petitioner | : (Judge Rambo) |
| v. | : (Magistrate Judge Blewitt) |
| WAYNE J. GAVIN, et al., | : |
| Respondents | : |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 9, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated:   October 9, 2013**